UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY L. BADER | : | Case No.: |
| Plaintiff, | : | Judge: _____ |
| vs. | : | |
| RUSH EXPEDITING, INC. | : | **COMPLAINT WITH** |
| and | : | **JURY DEMAND** |
| RUSH TRANSPORTATION/LOGISTICS, INC. | : | |
| Defendants. | : | |

Plaintiff Terry L. Bader ("Bader"), through counsel, for his Complaint against Defendants Rush Expediting, Inc. and Rush Transportation/Logistics, Inc., states as follows:

**PARTIES**

1. At all times relevant to this Complaint, Plaintiff Bader was a resident of the State of Ohio and was employed by Defendants as a truck driver.

2. Upon information and belief, Defendant Rush Expediting, Inc. is a corporation registered in the State of Ohio.

3. Upon information and belief, Defendant Rush Transportation/Logistics, Inc. is a corporation registered in the State of Ohio.

4. Due to the unclear nature of the various business entities, Plaintiff Bader does not know exactly which Defendant owns or operates the Rush Transportation & Logistics facility and is therefore including all named Defendants as necessary parties to this action. The Defendants, collectively, are referred to as "Rush" in this Complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to the American with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), as amended by the ADA Amendments Act of 2008. Furthermore, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## ADMINISTRATIVE PROCEDURES

7. Plaintiff Bader has satisfied all statutory requirements to filing suit by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") for discrimination and retaliation.

8. The EEOC issued a Notice of Right to Sue letter to Plaintiff.

9. Plaintiff filed this Complaint within 90 days of the receipt of the Notice of Right to Sue letter from the EEOC.

## FACTS

10. Plaintiff Bader worked for Defendant Rush for approximately 2.5 years before he began to experience episodes of mini-strokes sometime around March 2019.

11. As a result of his mini-strokes, Plaintiff Bader had to take a medical leave of absence from work for the period from April 3, 2019 to June 29, 2019 while he sought treatment.

12. On June 24, 2019, Plaintiff Bader was certified by his medical provider to be able to able to return to work without any health restrictions effective July 8, 2019.

13. However, on July 3, 2019, when Plaintiff Bader provided the medical certification to Defendant Rush, he was informed that Defendant Rush would not allow Plaintiff Bader to return to a driving position pending a review.

14. On July 15, 2019, Defendant Rush informed Plaintiff Bader that he was not "employable" because he could not drive and terminated his employment.

15. At the time of his termination, Plaintiff Bader was physically and mentally capable of performing his job duties.

## COUNT I
### (ADA – Disability Discrimination)

16. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

17. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that he was diagnosed mini-strokes and seizures and Defendant Rush perceived him to have a disability, he has the requisite education and training to perform and could perform the essential functions of a truck driver.

18. Defendants are "employers" within the meaning of 42 U.S.C. § 12111(5) in that they are engaged in an industry affecting commerce and have more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years. Thus, they are also covered entities within the meaning of 42 U.S.C. § 12111(5).

19. Plaintiff was an employee of Defendants within the meaning of 42 U.S.C. § 12111(4).

20. Prior to the time that Defendants terminated Plaintiff's employment, Plaintiff was qualified for employment as a truck driver.

21. On July 15, 2019, due to Plaintiff's actual or perceived disability, Defendants terminated his employment.

22. Defendants knew of Plaintiff's disability prior to his termination.

23. Plaintiff Bader has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

24. Plaintiff is entitled to attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

25. Plaintiff is further entitled to any and all relief permitted under 42 U.S.C. § 12117(a), including equitable relief.

## COUNT II
### (ADA – Retaliation)

26. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

27. In violation of the ADA, Defendants unlawfully retaliated against Plaintiff by terminating him after he requested a reasonable accommodation in the form of necessary medical leave so he could continue his employment with Defendants despite his disability.

28. In taking the above described discriminatory action, Defendants acted with malice and reckless indifference to Plaintiff's rights under the ADA.

29. Plaintiff Bader has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

## COUNT III
### (O.R.C. § 4112.02 – Discrimination)

30. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

31. In violation of O.R.C. § 4112.02, Defendant unlawfully discriminated against Plaintiff by terminating him because of his disability.

32. In taking the above described discriminatory action, Defendants acted with malice and reckless indifference to Plaintiff's rights under O.R.C. § 4112.02.

33. Plaintiff Bader has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff Terry L. Bader requests judgment against Defendants, jointly and severally, for the following:

A. Declaring the acts and practices complained of herein to be violations of the ADA and Ohio law;

B. Enjoining and permanently restraining these violations of law;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D. Directing Defendants to place Plaintiff in a position he would have occupied but for Defendants' unlawful conduct, and making him whole for all earnings and other benefits he would have received but for Defendants' unlawful conduct, including, without limitation, wages, other lost benefits, loss of good will and interest thereon;

E. Directing Defendants to pay Plaintiff compensatory damages, including the damages for his mental anguish, denial of life's pleasures, pain and suffering, humiliation, as well as punitive damages;

F. Attorneys' fees and costs;

G. Pre- and post-judgment interest; and

H. Such other and further relief as the Court considers just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,

    /s/ John Hui Li
    John (Hui) Li (#0082661)
    JHL LEGAL LLC
    5450 Far Hills Ave., Suite 206B
    Dayton, Ohio 45429
    Telephone:    513-502-4646
    jli@jhllegal.com

*Trial Attorney for Plaintiff*
*Terry L. Bader*