UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY L. BADER | : | Case No.: 3:20-CV-487 |
| Plaintiff, | : | Judge: Walter H. Rice |
| vs. | : | |
| RUSH EXPEDITING, INC. | : | **COMPLAINT WITH** |
| and | : | **JURY DEMAND** |
| RUSH TRANSPORTATION/LOGISTICS, INC. | : | |
| Defendants. | : | |

Plaintiff Terry L. Bader ("Bader"), through counsel, for his Complaint against Defendants Rush Expediting, Inc. and Rush Transportation/Logistics, Inc., states as follows:

## PARTIES

1. At all times relevant to this Complaint, Plaintiff Bader was a resident of the State of Ohio and was employed by Defendants as a truck driver.

2. Upon information and belief, Defendant Rush Expediting, Inc. is a corporation registered in the State of Ohio.

3. Upon information and belief, Defendant Rush Transportation/Logistics, Inc. is a corporation registered in the State of Ohio.

4. Due to the unclear nature of the various business entities, Plaintiff Bader does not know exactly which Defendant owns or operates the Rush Transportation & Logistics facility and is therefore including all named Defendants as necessary parties to this action. The Defendants, collectively, are referred to as "Rush" in this Complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to the American with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), as amended by the ADA Amendments Act of 2008. Furthermore, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## ADMINISTRATIVE PROCEDURES

7. Plaintiff Bader has satisfied all statutory requirements to filing suit by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") for discrimination and retaliation.

8. The EEOC issued a Notice of Right to Sue letter to Plaintiff.

9. Plaintiff filed this Complaint within 90 days of the receipt of the Notice of Right to Sue letter from the EEOC.

## FACTS

10. Plaintiff Bader worked for Defendant Rush for approximately 2.5 years before he began to experience episodes of mini-strokes sometime around March 2019.

11. As a result of his mini-strokes, Plaintiff Bader had to take a medical leave of absence from work for the period from April 3, 2019 to June 29, 2019 while he sought treatment.

12. On June 24, 2019, Plaintiff Bader was certified by his medical provider to be able to able to return to work without any health restrictions effective July 8, 2019.

13. However, on July 3, 2019, when Plaintiff Bader provided the medical certification to Defendant Rush, he was informed that Defendant Rush would not allow Plaintiff Bader to return to a driving position pending a review.

14. On July 15, 2019, Defendant Rush informed Plaintiff Bader that he was not "employable" because he could not drive and terminated his employment.

15. At the time of his termination, Plaintiff Bader was physically and mentally capable of performing his job duties.

## COUNT I
### (ADA – Disability Discrimination)

16. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

17. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that he was diagnosed mini-strokes and seizures and Defendant Rush perceived him to have a disability, he has the requisite education and training to perform and could perform the essential functions of a truck driver.

18. Defendants are "employers" within the meaning of 42 U.S.C. § 12111(5) in that they are engaged in an industry affecting commerce and have more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years. Thus, they are also covered entities within the meaning of 42 U.S.C. § 12111(5).

19. Plaintiff was an employee of Defendants within the meaning of 42 U.S.C. § 12111(4).

20. Prior to the time that Defendants terminated Plaintiff's employment, Plaintiff was qualified for employment as a truck driver.

21. On July 15, 2019, due to Plaintiff's actual or perceived disability, Defendants terminated his employment.

22. Defendants knew of Plaintiff's disability prior to his termination.

23. Plaintiff Bader has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

24. Plaintiff is entitled to attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

25. Plaintiff is further entitled to any and all relief permitted under 42 U.S.C. § 12117(a), including equitable relief.

## COUNT II
## (ADA – Retaliation)

26. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

27. In violation of the ADA, Defendants unlawfully retaliated against Plaintiff by terminating him after he requested a reasonable accommodation in the form of necessary medical leave so he could continue his employment with Defendants despite his disability.

28. In taking the above described discriminatory action, Defendants acted with malice and reckless indifference to Plaintiff's rights under the ADA.

29. Plaintiff Bader has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

## COUNT III
## (O.R.C. § 4112.02 – Discrimination)

30. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

31. In violation of O.R.C. § 4112.02, Defendant unlawfully discriminated against Plaintiff by terminating him because of his disability.

32. In taking the above described discriminatory action, Defendants acted with malice and reckless indifference to Plaintiff's rights under O.R.C. § 4112.02.

33. Plaintiff Bader has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff Terry L. Bader requests judgment against Defendants, jointly and severally, for the following:

A. Declaring the acts and practices complained of herein to be violations of the ADA and Ohio law;

B. Enjoining and permanently restraining these violations of law;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D. Directing Defendants to place Plaintiff in a position he would have occupied but for Defendants' unlawful conduct, and making him whole for all earnings and other benefits he would have received but for Defendants' unlawful conduct, including, without limitation, wages, other lost benefits, loss of good will and interest thereon;

E. Directing Defendants to pay Plaintiff compensatory damages, including the damages for his mental anguish, denial of life's pleasures, pain and suffering, humiliation, as well as punitive damages;

F. Attorneys' fees and costs;

G. Pre- and post-judgment interest; and

H. Such other and further relief as the Court considers just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ John Hui Li
John (Hui) Li (#0082661)
JHL LEGAL LLC
5450 Far Hills Ave., Suite 206B
Dayton, Ohio 45429
Telephone:    513-502-4646
jli@jhllegal.com

*Trial Attorney for Plaintiff*
*Terry L. Bader*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA [X] EEOC | |

Ohio Civil Rights Commission and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Terry L. Bader | (937) 620-8756 | 12-30-1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2167 Mapleview Ave | Dayton, OH 45420 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Rush Expediting, Inc. | 15+ | (937) 224-7874 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2619 Needmore Road | Dayton, OH 45414 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Rush Transportation/Logistics, Inc. | 15+ | (937) 224-7874 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2619 Needmore Road | Dayton, OH 45414 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [X] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 3/20/2019  Latest: 7/15/2019
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I worked for Rush Expediting, Inc. in Montgomery County, Ohio for approximately 2.5 years. In March 2019, I experienced episodes of mini-strokes and was hospitalized. I was forced to take FMLA leave during that time. The company required me to use paid-time-off for approximately 3 weeks prior to the FMLA taking effect. My FMLA leave was effective from April 3, 2019 to June 29, 2019.

On June 24, 2019, I was certified by my doctor to return to work without any restrictions effective July 8, 2019. However, on June 29, 2019, I received notice that the company had cancelled my insurance and I directly received bills for medical services as a result.

When I attempted to return to work on July 3, 2019, with my medical release, the company informed me that I was not allowed to drive regardless of what the release said and needed to be in a non-driving position. The company informed me that I would be placed in a non-driving position pending further review. Then, on July 15, 2019—a full week after I was allowed by my doctor to return to my driving position—the company informed me that I was "unemployable" because I could not drive.

By terminating me unlawfully despite my medical release immediately upon my return from my FMLA leave, the company violated the ADA and illegally retaliated against me for taking FMLA leave.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY -- When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

2-11-2020  /s/ Terry L. Bader
Date  Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | |

_____ **Ohio Civil Rights Commission** _____ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet)*

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 2-11-2020    *Terry L. Banks* <br> Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Terry L. Bader
2167 Mapleview Avenue
Dayton, OH 45420

From: Cincinnati Area Office
John W. Peck Fed. Bldg
550 Main Street, Suite 10-191
Cincinnati, OH 45202

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2020-00725 | Matthew G. Meisman, Investigator | (513) 914-6009 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Melanie L Breen *(Digitally signed)*

September 3, 2020

Enclosures(s)

Melanie L. Breen,
Area Office Director

*(Date Mailed)*

cc:
Karen Braund
Controller
RUSH TRANSPORTATION/LOGISTICS INC
2619 Needmore Road
Dayton, OH 45414

John (Hui) Li, Esq.
HORENSTEIN, NICHOLSON & BLUMENTHAL, LPA
124 East Third Street
Dayton, OH 45402